(No. 81-CC-2241—

AFFILIATED MIDWEST HOSPITAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 16, 1982.*

MCKENZIE AND MCKENZIE, for Claimant.

TYRONE C. FAHNER, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The record in this cause indicates that the purpose of the expenditure by the Department of Children and Family Services for which this claim was filed was for medical services provided by the Claimant in fiscal years 1980 and 1981 for Sandra Rimschnieder, a child in the custody of the Department of Children and Family Services.

The Department of Children and Family Services has submitted a report on this claim which states that the claim would have been paid out of appropriation and fund No. 001-41817-4400-06-00 (institutional care) had the claim been timely presented. There were sufficient funds remaining in the appropriation in fiscal year 1981. There were not sufficient funds remaining in fiscal year 1980 to pay that portion of the claim. However, funds were available to the Department for the payment of this claim in appropriation and fund No. 001-41817-4400-02-00 (foster care services), if the Department had requested that a transfer bill be passed by the General Assembly.

Section 30 of An Act in relation to State Finance (Ill. Rev. Stat. 1979, ch. 127, par. 166) prohibits obligating the State to any indebtedness in excess of the money appropriated for a department, unless expressly authorized by law.

Therefore, the only way an award on the fiscal year 1980 portion of this claim may be made is if this expenditure was expressly authorized by law. Previously, expenditures for food and medical care for prisoners have been recognized to be expressly authorized by law. (*Fergus v. Brady* (1917), 277 Ill. 272.) Also, the Court has considered this problem in connection with the apprehension and return of fugitives. In those cases, the Court has made awards on the basis that payment was expressly authorized by law.

The child for whom Claimant performed the services for which payment is sought was placed in the custody of the Department of Children and Family Services by an order of the circuit court of Cook County pursuant to the Juvenile Court Act. (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.*) Section 1—12 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 701—12) imposes upon

the legal custodian of a child the duty to provide him with food, shelter, education and ordinary medical care.

The Court has considered the limitations placed on the Department of Children and Family Services by the General Assembly. It is the function of the General Assembly to control the expenditures of public funds by the various agencies of State government. However, this is a situation very close to that of *Fergus v. Brady*. Here, as in *Fergus v. Brady*, the State agency had custody by court order and was authorized by law to provide basic necessities for the persons in custody, in this instance a child.

The invoices for these services were submitted after the close of the fiscal year, but the Department of Children and Family Services was required to pay the invoices out of funds for that prior fiscal year. This situation leads to unique and difficult forecasting problems for the Department of Children and Family Services. The provider of these services should not be penalized because the Department is unable to accurately forecast specific appropriation fund requirements for each fiscal year. Had the Department been able to properly forecast, sufficient funds would have been available for the payment of all of this claim.

Because the expenditure here in question was required by law, it is hereby ordered that the Claimant, Affiliated Midwest Hospital, be and is hereby awarded the sum of $9,999.00 (nine thousand nine hundred ninety nine dollars and no cents).